In re: Williams, Dobie Gillis; Applying for Supervisory Writs and Stay of Execution; Parish of Grant 35th Judicial District Court Number 33,481.
Writ granted. The district court’s order of October 9, 1987, fixing applicant’s execution date for October 28, 1987 is vacated and set aside. La.R.S. 15:567(C) if literally applicable (in a case such as this, where a stay of execution was granted on September 18, 1986) would permit a warrant’s execution date within simply days of the warrant’s issuance provided the date of execution is thirty to forty-five days after dissolution of the stay order. Under these circumstances the only reasonable interpretation of La.R.S. 15:567(C) is one which requires the trial court to fix a date for execution not less than thirty nor more than forty-five days from the date the new warrant is issued.*

 In State ex rel Sterling R. Rault v. Butler, No. 87-KP-1745, [510 So.2d 379 (La.1987)] this Court on July 22, 1987 upset a warrant ordering an execution within less than seventy-two hours of its issuance, and allowed the district court to fix a new execution date between thirty and forty-five days after its new order, a dispositive action which we track in this instance.